## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| LIQUID CAPITAL EXCHANGE, INC., ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| vs. ) | |
| ) | **NOTICE OF REMOVAL** |
| MARATHON OIL COMPANY, AND ) | |
| ALL OTHER PERSONS UNKNOWN ) | |
| CLAIMING ANY ESTATE OR ) | |
| INTEREST IN, OR LIEN OR ) | |
| ENCUMBRANCE UPON, THE ) | |
| PROPERTY DESCRIBED IN THE ) | |
| COMPLAINT, CSNK WORKING ) | |
| CAPITAL FINANCE CORP. DBA BAY ) | |
| VIEW FUNDING ) | |
| ) | |
| ) | |
| Defendants. ) | |

**TO:   PLAINTIFF, LIQUID CAPITAL EXCHANGE, INC., AND ITS ATTORNEYS AUBREY FIEBELKORN-ZUGER AND TODD ZIMMERMAN, FREDRIKSON & BYRON P.A., 51 BROADWAY, SUITE 400, FARGO, NORTH DAKOTA 58102-4991.**

Defendants CSNK WORKING CAPITAL FINANCE CORP., dba BAY VIEW FUNDING ("BVF") and MARATHON OIL COMPANY ("Marathon") (collectively, "Defendants") hereby give notice of the removal of this action from the Northwest Judicial District Court of McKenzie, North Dakota, Case No. 27-2020-CV-00338, to the United States District Court for the District of North Dakota, Western Division, and in support of such removal, states as follows:

1.   Plaintiff, Liquid Capital Exchange, Inc., ("Plaintiff") commenced a lawsuit against Defendants on September 23, 2020. True and correct copies of the Summons, Complaint, and Exhibits are attached as Exhibits A-Z and AA-JJ.

1

2. The following constitutes all of the process, pleadings, papers, or orders received by Defendants in this action to date:

    A. Summons (Exhibit 1);
    B. Complaint (Exhibit 2);
    C. Purchase and Sale Agreement (Exhibit A);
    D. UCC Financing Statements (Exhibit B);
    E. Assignment of Claims and Liens 9-22-20 (Exhibit C);
    F. Notice and Assignment (Exhibit D);
    G. NOA Acknowledgement from Marathon (Exhibit E);
    H. Marathon and Westex MSA (Exhibit F);
    I. Suspension of DW Tero License (Exhibit G);
    J. 9-27-19 Pfleger Email (Exhibit H);
    K. 9-30-19 Pfleger Email (Exhibit I);
    L. 9-30-19 Culver Email re: Permission from JC (Exhibit J);
    M. 9-30-19 Pfleger Email to Culver (Exhibit K);
    N. 10-1-19 Pfleger email to Culver (Exhibit L);
    O. 10-2-19 Email from Culver to Doll (Exhibit M);
    P. 10-2-19 Email from Doll to Culver (Exhibit N);
    Q. 10-3-19 Email from Westex to Liquid (Exhibit O);
    R. Invoice 10019 with Backup (Exhibit P);
    S. Invoice 100119 with Supporting Documents (Exhibit Q);
    T. Invoice 100319 with Backup (Exhibit R);
    U. 10-3-19 Kramer email to Westex (Exhibit S);
    V. 10-3-19 Westex Internal Email Exchange (Exhibit T);
    W. Authorization Letter (Exhibit U);
    X. Composite 1-7-19 Westex Email (Exhibit V);
    Y. 10-8-19 Emails between Westex and Kelli Pfeger (Exhibit W);
    Z. 10-8-19 Westex Email to Liquid (Exhibit X);
    AA. 10-9-19 Email from Westex to Liquid with SOA (Exhibit Y);
    BB. Composite Marathon Accounting Records (Exhibit Z);
    CC. Continuation of DW Tero License Suspension (Exhibit AA);
    DD. Demand Letter (Exhibit BB);
    EE. 8-6-20 Westex Notice of Intent (Exhibit CC);
    FF. 8-22-20 Marathon Email QPF – Receipt of Lien (Exhibit DD);
    GG. 9-8-20 McKenzie County Lien Statement (Exhibit EE);
    HH. 9-20-20 Recorded Mountrail Lien-Gladys (Exhibit FF);
    II. 8-31-20 445779 Lien Statement – Dietrich Well (Exhibit GG); and
    JJ. 9-2-20 Notice of Intent to Enforce Liens Westex (Exhibit HH).

3. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332, and this action therefore may be removed to this Court pursuant to 28 U.S.C. §1441, because:

   a. This Court is the district court of the United States for the district and division embracing McKenzie County, North Dakota, where the action is pending. *See* 28 U.S.C. § 1441(a).

   b. BVF had previously commenced litigation against Plaintiff and Baker & Baker Inc., erroneously sued and served as Liquid Capital of the Dakotas, on July 7, 2020 bearing United Stated District Court Case No. 1:20-cv-00119-DMT-CRH (the "BVF First Filed Action") which arises out the same transaction or occurrence that is the subject matter of the claims raised in the present action, *i.e.,* work performed on the Dietrich, Gladys, and Yesenko well sites on behalf of Marathon and the rights to payment arising therefrom. Therefore, pursuant to Rule 13(a)(1) of the Federal Rules of Civil Procedure, the present action is rightfully a compulsory counterclaim against Defendants, pursuant to which the District Court in the BVF First Filed Action has jurisdiction.

   c. This action involves a controversy arising among citizens of different states. Plaintiff is a Delaware corporation with its principal place of business in Dallas County, Texas. BVF is a California corporation having its principal place of business located in San Jose, California. Accordingly, Plaintiff and BVF are "citizens of different States." 28 U.S.C. § 1332(a)(l).

   d. Marathon is an Ohio Corporation with its principal place of business in Houston, Texas. Since the present action is rightfully a compulsory counterclaim under Rule 13(a) of BVF'S First Filed Action, the District Court

in the BVF First Filed Action has supplemental jurisdiction over the claims against Marathon. *See* 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."); *see also Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 77 (2010) ("There is subject matter jurisdiction over both claims because 28 U.S.C. § 1367(a) gives courts supplemental jurisdiction over compulsory and at least some permissive counterclaims.").

e. None of the Defendants are citizens of the state of North Dakota.

f. Plaintiff's Complaint and the Complaint in BVF's First Filed Action both allege an amount in controversy of at least "$177,432.92." *See* Complaint, ¶ 137; *see also* BVF's First Filed Complaint, ¶¶ 41, 57-74. Therefore, the amount-in-controversy requirement is satisfied, and diversity jurisdiction exists. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2).

g. BVF received a copy of the Summons and Complaint in this action on September 23, 2020. Marathon received a copy of the Summons and Complaint in this action on September 24, 2020. Accordingly, this Notice of Removal is timely filed within the applicable 30-day period. *See* 28 U.S.C. § 1446(b)(l).

      h. Defendants will promptly serve written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal along with a Notice of Filing of Notice of Removal with the clerk of the Northwest Judicial District Court of McKenzie County, North Dakota, as provided by 28 U.S.C. § 1446(d).

4.    This Court has subject matter jurisdiction based on original jurisdiction as to BVF and supplemental jurisdiction as to Marathon to hear this case. See St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 593-94 (8th Cir. 2001); Koufakis v. Carvel, 425 F.2d 892, 899 (2d Cir. 1970) (holding a state court action claim was a compulsory counterclaim after removal and consolidation); see 28 U.S.C. §1367; *see also Global NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 77 (2010) ("There is subject matter jurisdiction over both claims because 28 U.S.C. § 1367(a) gives courts supplemental jurisdiction over compulsory and at least some permissive counterclaims."). A compulsory counterclaim arises "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13 (2020). To determine whether a claim and counterclaim arise out of the same transaction or occurrence, the Eighth Circuit Court of Appeals uses the four tests. These four tests are:

> 1) Are the issues of fact and law raised by the claim and counterclaim largely the same?
> 2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?
> 3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?
> 4) Is there any logical relation between the claim and the counterclaim?

Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254, 264 (8th Cir. 1979) (footnotes omitted). Liquid Capital's claims against BVF and Marathon are compulsory counterclaims to another pending case because the claims arise out of the same transaction or occurrence as BVF's claims

in Case 1:20-cv-00119-DMT-CRH. In Liquid Capital's complaint, the demand for relief. (i.e., $177,432.92) is the same amount as BVF's demand for relief. *See* Complaint, ¶¶ 126, 137; *see also* (Case No. 1:20-cv-00119-DMT-CRH, Civil Cover Sheet, Doc. No. 1). The claims are transactionally-related and are more appropriately the subject of counterclaims to BVF's First Filed Action upon which the District Court has jurisdiction and could/should have been filed as such. Therefore, this case may be removed to this Court pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendants respectfully request this case proceed before this Court as an action properly removed from the Northwest Judicial District Court of Cass County, North Dakota.

Dated this 23rd day of October, 2020.

_____
Ryan C. McCamy (ND ID # 06420)
CONMY FESTE LTD
406 Main Avenue, Suite 200
P.O. Box 2686
Fargo, North Dakota 58108-2626
Phone: (701) 293-9911
Facsimile: (701) 293-3133
rmccamy@conmylaw.com
ATTORNEYS FOR DEFENDANTS
