IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Liquid Capital Exchange, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Marathon Oil Company, all other persons ) <br> unknown claiming any estate or interest ) <br> in, or lien or encumbrance upon, the ) <br> property described in the complaint, ) <br> and CSNK Working Capital Finance Corp. ) <br> d/b/a Bay View Funding, ) <br> ) <br> Defendants. ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> Case No. 1:20-cv-195 |

This case was initiated by the Plaintiff, Liquid Capital Exchange, Inc. ("Liquid Capital") in the District Court of McKenzie County, Northwest Judicial District, State of North Dakota against the Defendants Marathon Oil Company Group, Inc. ("Marathon") and CSNK Working Capital Finance Corp. d/b/a Bay View Funding ("Bay View") on September 23, 2020. See Doc. No. 1-2. On October 23, 2020, the Defendants removed the action to this Court. See Doc. No. 1. On November 20, 2020, the Plaintiff filed the pending motion to remand to state court. See Doc. No. 4. The Defendants filed a response in opposition to the motion on December 11, 2020. See Doc. No. 7. The Plaintiff filed a reply brief on December 18, 2020. See Doc. No. 9. For the reasons set forth below, the motion is granted.

I. **BACKGROUND**

This action arises from Marathon's alleged failure to pay three invoices totaling $177,432.92 issued to Marathon by a third-party, AG Acquisitions, Inc. d/b/a Westex Oilfield

1

Services ("Westex"). The work Westex performed for Marathon occurred at three oil and gas projects located on the Fort Berthold Reservation in western North Dakota. Work performed on tribal land requires compliance with tribal employment regulations, which require the work to be performed by contractors who possess a Tier 1 Tribal Employment Rights Office ("TERO") license issued by the Three Affiliate Tribes, a/k/a the Mandan, Hidatsa and Arikara Nation. In order to facilitate compliance with the tribal regulations, Westex maintains a business relationship with Diamond Willow Energy, LLC ("Diamond Willow") who has a Tier 1 TERO license. The arrangement between Westex and Diamond Willow calls for Diamond Willow to receive 10% of the amounts billed to Marathon for work performed by Westex on the Fort Berthold Reservation. The arrangement between Westex and Diamond Willow became strained when Diamond Willow's Tier 1 TERO license was suspended and lead to payment disputes on the work performed for Marathon.

Liquid Capital and Bay View are both in the factoring business. Liquid Capital had a factoring agreement with Westex. Bay View has a factoring agreement with Diamond Willow. Factoring involves the factor purchasing accounts receivable from a business (factoring client) at a discount and then working to secure payment of the accounts from the customer who owes on the account. Customers are typically notified that all future payments on the unpaid account must be made directly to the factor rather than the factoring client. The factor often takes a security interest in the factoring client's assets in order to secure repayment. Factoring agreements are common in the energy industry. In its factoring agreement with Liquid Capital, Westex assigned all its claims against Marathon to Liquid Capital. Diamond Willow assigned all its claims against Marathon to Bay View in their factoring agreement. Marathon made payment on the invoices to Bay View in the amount of $177,432.92 after signing an agreement

wherein Bay View agreed to indemnify and defend Marathon in relation to payment on the disputed invoices. Bay View has refused to make any payment to Liquid Capital or Westex. Westex subsequently placed liens on the three Marathon projects for failure to pay the disputed invoices. The liens have been assigned to Liquid Capital.

The dispute over payment of the invoices by Marathon has resulted in two lawsuits. The first case is a federal declaratory judgment action, based upon diversity jurisdiction, filed by Bay View against Liquid Capital on July 7, 2020. See CSNK Working Capital Finance Corp. d/b/a Bay View Funding v. Liquid Capital Exchange, Inc., No. 1:20-cv-119 (D.N.D. July 7, 2020). In the federal declaratory judgment action Bay View seeks a declaration that Bay View rather than Liquid Capital, held the right to be paid by Marathon for the work done by Westex and/or Diamond Willow. Marathon is not a party to the federal declaratory judgment action, no doubt because if they were a party it would destroy diversity.

The second case is the instant action filed by Liquid Capital against Marathon and Bay View on September 23, 2020, in North Dakota state court. In this case Liquid Capital asserts claims against Marathon for promissory estoppel, breach of contract, unjust enrichment, breach of duty to pay assignee, foreclosure of liens, and a claim against Bay View for tortious interference with contract. All six claims are based on state law. Both cases boil down to the question of whether Marathon should have paid Bay View or Liquid Capital. Neither case involves a question of federal law.

On October 23, 2020, Bay View and Marathon removed the state case to federal court asserting diversity jurisdiction under 28 U.S.C. § 1332. See Doc. No. 1. In their notice of removal, Marathon and Bay View allege, and Liquid Capital does not dispute, that Liquid Capital is a Delaware corporation, with its principal place of business located in Dallas County,

Texas.  Marathon is an Ohio corporation, with its principal place of business located in Houston, Texas, and Bay View is a California corporation, with its principal place of business located in San Jose, California.  See Doc. No. 1, pp. 3-4.  Although Bay View and Marathon acknowledge complete diversity must exist for the Court to exercise jurisdiction, they claim removal is appropriate because Liquid Capital's claims against Marathon and Bay View are compulsory counterclaims which should have been filed in the federal declaratory judgment action involving Bay View and Liquid Capital, and the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  Liquid Capital has moved to remand the case to state court under 28 U.S.C. § 1447(c) because complete diversity does not exist as required by 28 U.S.C. § 1332(a).  See Doc. No. 4.

## II.     LEGAL DISCUSSION

When a plaintiff brings a civil action in state court, a defendant may remove the action to federal court when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); 28 U.S.C. §§ 1332 and 1441(a).  A case may be removed from state court to federal court only if the action originally could have been filed in federal court.  In re Prempro Prod. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010).  Complete diversity means no defendant holds citizenship in the same state where any plaintiff holds citizenship.  Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1104 (8th Cir. 2019).  A corporation is deemed to be a citizen of its state of incorporation and the state where it has its principle place of business.  Id.; 28 U.S.C. § 1332(c)(1).

Following removal of a case to federal court, a plaintiff can seek remand of the action to state court if it appears the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The

removing party bears the burden of showing removal was proper by a preponderance of the evidence. In re Prempro Prod. Liab. Litig., 591 F.3d at 620. All doubts concerning removal must be resolved in favor of remand. Id. "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

It is undisputed that Marathon and Liquid Capital are both residents of Texas and complete diversity is lacking. Nevertheless, Bay View and Marathon contend Liquid Capital's claims in the state action should have been filed as compulsory counterclaims in the federal declaratory judgment action. Bay View and Marathon further contend the Court has supplemental jurisdiction over the compulsory counterclaims under 28 U.S.C. § 1367. The Court is unpersuaded.

While the parties have spilled a great deal of ink arguing over whether Liquid Capital's claims against Marathon and Bay View are compulsory counterclaims, it makes no difference since there can be no supplemental jurisdiction absent original jurisdiction. While it is true that 28 U.S.C. § 1367(a) would give the federal courts supplemental jurisdiction over compulsory counterclaims, there must first be a case over which the court has original jurisdiction. See 28 U.S.C. 1367(a). There must be a federal question or complete diversity present before a federal court can exercise jurisdiction over supplemental claims. See 28 U.S.C. §§ 1331 and 1332. "[S]upplemental jurisdiction does not—and cannot—operate to get a case into federal court. Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction." 13D Wright, Miller, Cooper, & Freer, Federal Practice and Procedure § 3567 (3d ed. 2008). "By its plain terms, § 1367(a) makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang

5

it." Rivera v. Allstate Ins. Co., 913 F.3d 603, 617–18 (7th Cir. 2018). Liquid Capital does not raise any federal claims in its state court complaint. Liquid Capital's five claims against Marathon and the one claim against Bay View are all based on state law. Complete diversity of citizenship is clearly lacking since both Marathon and Liquid Capital are residents of Texas. There is no original jurisdiction hook in Liquid Capital's complaint upon which to hang supplemental jurisdiction.

Contrary to the contention of the Defendants, supplemental jurisdiction may not be used to bring a counterclaim into federal court in the absence of original jurisdiction. See 28 U.S.C. § 1367. Although the Defendants failed to address the issue in their response to Liquid Capital's motion for remand, they cite *Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 76 (1st Cir. 2010) for this novel proposition in their notice of removal. See Doc No. 1, p. 4. The Defendants misconstrue *Glob. NAPs, Inc.* wherein the First Circuit held, as a matter of first impression, that 28 U.S.C. § 1367 gives federal courts supplemental jurisdiction over both compulsory and permissive counterclaims even if there is no independent basis for jurisdiction over those counterclaims. Glob. NAPs, Inc., 603 F.3d at 76. The First Circuit explained that prior to the enactment of the supplemental jurisdiction statute in 1990, some courts required an independent jurisdictional basis for removal of pendent or ancillary permissive counterclaims. Id. at 85-86. However, Section 1367 made clear that federal district courts have supplemental jurisdiction over all counterclaims in any civil action "of which the district courts have original jurisdiction." Id. at 86-87; 28 U.S.C. § 1367. In *Glob. NAPs, Inc.* jurisdiction was based on the plaintiff's claims relating to the Telecommunications Act of 1996 (47 U.S.C. § 251 et seq.) and review of administrative rulings based thereon which presented federal questions. Id. at 77-88. *Glob. NAPs, Inc.* does not support the proposition that the supplemental jurisdiction statute may

be used to find jurisdiction over counterclaims in the absence of original jurisdiction. The Defendants cite two other cases but neither offers support for the argument that supplemental jurisdiction can exist in the absence of original jurisdiction. See St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 593 (8th Cir. 2001) (finding diversity jurisdiction existed after fraudulently joined defendant was dismissed); Koufakis v. Carvel, 425 F.2d 892, 897 (2d Cir. 1970) (noting federal question jurisdiction existed based on claim of federal trademark infringement). In the present case there is no federal question and complete diversity is lacking. In such a case, supplemental jurisdiction does not come into play. Therefore, removal was improper and remand is required. 28 U.S.C. § 1447(c).

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant law. For the reasons set forth above, the Court **GRANTS** the Plaintiff's motion to remand (Doc. No. 4). The Court **ORDERS** this case be **REMANDED** to the District Court for the Northwest Judicial District, Mckenzie County, North Dakota.

**IT IS SO ORDERED**.

Dated this 26th day of May, 2021.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court